UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD T. USZYNSKI, et al.,

        Plaintiffs,

vs.
                                       Case No. 06-CV-13216

                                       HON. GEORGE CARAM STEEH

DALE L. BUTTERFIELD, et al.,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS FOR IMPROPER VENUE AND GRANTING
DEFENDANTS' MOTION TO TRANSFER TO A MORE CONVENIENT VENUE

This is a diversity case brought by Ohio plaintiffs against a Michigan defendant (Dale Butterfield) and a Florida defendant (Landstar Ranger, Inc. is headquartered in Florida).  The dispute arises from a motor vehicle collision that occurred near the City of Reddick, in Marion County Florida.  Plaintiffs brought the action in the Eastern District of Michigan, claiming that venue is proper here under 28 U.S.C. § 1391(a)(3), because "Defendants do not reside in one state and Defendant Butterfield is a resident of Wixom, Michigan, which is within the geographical jurisdiction of this Court."  Defendants filed their motion to dismiss for improper venue on the basis that § 1391(a)(3) applies only if there is no district in which the action may otherwise be brought.  Defendants contend that this action could have been brought in Florida, where the events giving rise to the claim occurred.  After defendants brought their motion to dismiss, plaintiffs amended their complaint to allege that venue is also proper pursuant to § 1391(a)(1) because

Landstar <u>resides</u> in Michigan, and venue is proper in any jurisdiction where both defendants reside.

Even if venue is found to be proper in this jurisdiction, defendants argue for a transfer of venue to the Middle District of Florida for the reason that it is a more convenient forum.

## LEGAL STANDARD

I. <u>Amendment of Complaint as of Right</u>

Federal Rule of Civil Procedure 15(a) permits amendment of a pleading once as a matter of course:

> at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

In this case, the pleading which was amended was the Complaint, which does permit a responsive pleading, namely the Answer. Therefore, plaintiffs could amend the Complaint without leave of court, so long as they did so before a responsive pleading was served. Rule 7(a) defines "pleadings" as a Complaint, an Answer, a reply to a Counterclaim, an Answer to a Cross-claim, a third-party Complaint, and a third-party Answer. The term "responsive pleading" does not include motions, such as the motion to dismiss filed in lieu of an Answer in this case. See 6 Charles A. Wright, et al. Federal Practice and Procedure §§ 1475, 1483. Therefore, plaintiffs' First Amended Complaint, filed August 16, 2006, before any responsive pleading was filed by defendants, did not require leave of court.

II. <u>Venue Proper Pursuant to 28 U.S.C. § 1391(a)(1)</u>

The First Amended Complaint alleges that Landstar is a corporation authorized to transact business within the state of Michigan, having Michigan Department of Labor and Economic Growth ID No. 603258. The Corporation Company, located in Bingham Farms, Michigan, is Landstar's resident agent. Finally, Landstar's website lists 30 independent sales contractor agents in Michigan. A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced pursuant to 28 U.S.C. § 1391(c).

In Michigan, the personal jurisdiction of a corporation is determined by MCLA § 600.711, which states that general personal jurisdiction will exist over a corporation if it carries on a continuous and systematic part of its general business within the state. §600.711(3). Plaintiffs contend that by registering to do business in Michigan, appointing a resident agent in Michigan, and having 30 agents in Michigan, Landstar is carrying on a continuous and systematic part of its business within the state of Michigan.

Defendants argue that plaintiffs' amendment was improper because it was filed more than 20 days after the original complaint, and after defendants filed their motion to dismiss. Defendants all but conceded that Landstar is a "resident" of Michigan by not making a contrary argument at oral argument.

It appears that defendant Landstar is a resident of Michigan for purposes of personal jurisdiction as well as for purposes of venue. Therefore, the Eastern District of Michigan has venue over plaintiff's complaint as a judicial district where any defendant resides and all defendants reside in the same state. § 1391(a)(1).

III. <u>Forum Non Conveniens</u>

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Grand Kensington, L.L.C. v. Burger King Corp.</u>, 81 F.Supp.2d 834, 836 (E.D. Mich. 2000) (quoting <u>Hedler v. Hitachi Power Tools, USA Ltd.</u>, 764 F.Supp. 93, 95-96 (E.D. Mich. 1991)).  However, a court "should give deference to a plaintiff's choice of venue."  <u>Id</u> (quoting <u>General Motor Corp. v. Ignacio Lopez de Arriortua</u>, 948 F.Supp. 656, 668 (E.D. Mich. 1996)). "When a defendant moves to change the forum, he must overcome the presumption that the plaintiff has chosen the proper forum." <u>Id</u> (citation omitted).

When considering a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), the first prong to be considered by the court is:

> …whether "the transferred action could have been brought in the transferee court." <u>MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.</u>, 23 F.Supp.2d 729 (E.D. Mich. 1998) (quoting <u>In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987</u>, 737 F.Supp. 391, 393 (E.D. Mich. 1989)).  If answered in the affirmative, then a court should consider the following factors when ruling on a motion under §§ (sic) 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.  <u>Helder</u>, 764 F.Supp. at 96.  Further, a court may also consider: (1) administrative difficulties caused by the litigation; (2) burdening members of a community unrelated to the litigation with jury duty; (3) the interest of having local disputes solved locally; and (4) the appropriateness of having a diversity case "in a forum that is at home with the state law that must govern the case." <u>Gulf Oil</u>

Corp. v. Gilbert, 330 U.S. 501, 508-509, 67 S. Ct. 839, 91 L.Ed. 1055 (1947). Basically, a court may consider any factor that may make a trial "easy, expeditious, and inexpensive." Helder, 764 F.Supp. at 96 (quoting Gulf Oil Corp., 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055).

Id.

Here, defendants "bear the burden of demonstrating that, in light of these factors, 'fairness and practicality strongly favor the forum to which the transfer is sought.'" Thomas v. Home Depot, U.S.A., Inc., 131 F.Supp.2d 934, 936 (E.D. Mich. 2001) (quoting Rowe v. Chrysler Corp., 520 F.Supp. 15, 16 (E.D. Mich. 1981)). Defendants "must make this showing by a preponderance of the evidence." Id. (citing International Union, U.A.W. v. Aluminum Co. of Am., 875 F.Supp. 430, 433 (N.D. Ohio 1995)).

The court finds that the action could have been brought in the United States District Court for the Middle District of Florida because it is a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). The court must therefore weigh the relevant factors to determine if transfer of venue is proper.

    (1)    <u>The convenience of the parties</u>

The parties residing in Michigan are the ones seeking the transfer to Florida. All of Landstar's senior management is located in Florida, as is its headquarters. Landstar has no employees, office or property in Michigan. The Landstar officer most likely to be called to testify is Joseph Beacom, Vice President and Chief Compliance, Security and Safety Officer. Mr. Beacom has knowledge of Landstar's policies regarding driver qualification and training and frequently testifies on behalf of Landstar in traffic accident

5

cases. (Beacom declaration para. 9). Because Mr. Beacom lives and works in Florida, it would be more convenient for him to testify in Florida.

On the other hand, Michigan is geographically closer to plaintiffs, who reside in Xenia, a town in southwest Ohio. As a venue, Michigan is marginally closer to both drivers who were involved in the accident. Financially, it may be a greater burden for plaintiffs to undertake a trial in Florida.

The convenience of the parties is a neutral factor in this case.

(2)     The convenience of the witnesses

The non-party witnesses who reside in Florida and do not wish to travel to Michigan to testify are Joel Barczak and Jimmy Ray Coker, both eye-witnesses to the accident. A third eye-witness, Jimmy T. Davis, resides in Thomasville, Georgia, 180 miles from Ocala, Florida, and 957 miles from Detroit. Florida would also be a more convenient forum for the Highway Patrol Officers who investigated the accident and prepared the accident report, the EMS employees, and the hospital employees. There are unnamed non-party medical witnesses who are located in Ohio who will testify regarding plaintiff's injuries and medical treatment. These witnesses would find Michigan to be a more convenient forum.

The convenience of the eyewitnesses and first responders strongly favors Florida, especially since they are the non-party witnesses who would not be getting paid as experts.

(3)    The relative ease of access to the sources of proof

The accident occurred in Florida, as did the initial medical treatment and police investigation. Discovery has not begun, so the exact sources of proof have not been identified by defendants. However, likely sources of proof include Florida police records and testimony, Florida EMS records and testimony, and Florida hospital records and testimony. The parties will need to undertake investigations and discovery in Florida. There is no source of proof located in Michigan. This factor weighs in favor of transferring the case to Florida.

(4)    The availability of process to compel attendance of unwilling witnesses

Process is available to compel attendance of unwilling non-party witnesses because they are all located within the United States. However, none of the non-party fact witnesses are located within Michigan, so compelling their presence will require proceedings in multiple courts. Defendants have declarations from the eye-witnesses stating that it would be more convenient to testify in Florida, and that they do not wish to travel to Michigan. Defendants have not shown that any witnesses are unwilling to testify in Michigan. See Duha v. Agrium, Inc., 448 F.3d 867, 877 (6th Cir. 2006). Defendants have also not shown that use of videotaped depositions would be inadequate. Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 931 (W.D. Mo. 1985).

(5)    The cost of obtaining willing witnesses

This factor favors transferring the case to Florida, so the larger number of Florida witnesses will not need to travel. Any Ohio witnesses testifying live will need to travel, in any event, either to Michigan or Florida.

(6)     The interest of justice

This dispute involves a motor vehicle accident that occurred on a Florida highway, and has no real connection to Michigan.  Burdening members of a community unrelated to the litigation with jury duty is a factor that favors adjudication in Florida.  In addition, Florida law controls the outcome of this case, which further indicates the nexus between the claims and the state of Florida.  Finally, the state in which an accident occurs has a peculiar interest in adjudicating the rights of the parties involved.

Defendants bears the burden of demonstrating that fairness and practicality strongly favor transferring the forum to Florida.  In this case, the interest of justice and convenience of witnesses strongly favor transferring the forum to Florida.  Defendants have, therefore, met their burden.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is DENIED and defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404 is GRANTED.  The case shall be transferred to the Middle District of Florida.


Dated:  October 5, 2006

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 5, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk